Danieu, Judge,
 

 after stating the case as above, proceeded as follows. — In construing wills, the leading rule is, that the intention of the testator should be observed; and that no parts of a will to which a meaning or operation can be given, shall be rejected. It sometimes happens, that a whole sentence in a will is rendered uncertain or unintelligible, from the circumstance of the testator’s having used the disjunctive “
 
 or”
 
 when the copulative “
 
 and,”
 
 should have been inserted;
 
 et sic e converso, “ and,”
 
 for “
 
 or.”
 
 In order to effectuate the intention of the testator and give validity to the bequest, the Courts have corrected the mistake. Each case of course being governed by its peculiar circumstances, no general rule can be laid down
 
 *586
 
 upon the subject. 2 Roper on Leg. 290. The Court construes those words so as to effectuate the general intention. It follows, therefore, that it will not consider itself warranted in making the alteration, unless it be clearly authorized by the meaning of the testator, as collected from the whole will. 2 Roper on Legacies, 294. In the case before us, it seems that the testator meant, by his using the word “
 
 lend,”
 
 to give the property to his grandson for life, at all events, as a provision and maintenance; and if Providence permitted him to become the father of a family, then his life-estate was intended to be enlarged into a fee; and on that event the ulterior limitation to Jeremiah should fail. We do not consider that the testator, by using the very indefinite sentence “should he” (Obadiah) “live to arrive at manhood,” intended to fix a period when the life-estate should be at all enlarged, without the main thing also happening, viz. his, Obadiah’s, “ begetting lawful heirs.” The testator did not intend that his son Jeremiah should lose his bounty, unless in the event of his grandson Obadiah having issue ; and in that event he designed that the issue should, through their father, have this property, or at least a chance for it. The property was intended for the benefit of Obadiah and his issue, if he should have any; if not, then for the benefit of his son Jeremiah. We cannot, therefore, in this case, construe “ manhood,” to mean “ twenty-one years of age;” and there is no necessity to change the word “
 
 and,”
 
 into the word “
 
 or,”
 
 as the testator did not intend to enlarge the life-estate, but in one event, viz. Obadiah’s having lawful issue. That event did not t.ake place; and the plaintiffs are entitled to the slaves, and personal property, and to a decree for an account of the same.
 

 Per Curiam. Decree for the plaintiffs.